1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | ) | CR 05-00115-TUC-FRZ (GEE) |
| Plaintiff, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| OCIEL CASTILLO, | ) | |
| Defendant. | ) | |

The District Court referred this case to the magistrate for an evidentiary hearing on allegations the defendant violated conditions of his supervised release. The defendant and his attorney consented in writing to proceed before the magistrate and the evidentiary hearing was held on November 28th and December 11th and 17th, 2007. Upon consideration of the evidence presented and the arguments of counsel the magistrate recommends the District Court, after its de novo review, find the defendant has violated the conditions of his supervised release as set forth in allegation C of the revocation petition.

**FACTS:**

On August 10, 2005, having pleaded guilty to Failure to Surrender, the defendant was sentenced in the District of Arizona to 18 months of incarceration to be followed by a one year term of supervised release which commenced upon his release from prison on December 6, 2006. On October 3, 2007, the present petition was filed alleging the defendant

violated his supervised release as follows: (A) he submitted urine samples which tested positive for cocaine on March 29, 2007, and positive for cannabinoids on July 31, 2007; (B) since his release from prison he had made only one payment of $25.00 toward satisfaction of the $100.00 special assessment; and (C) he failed to participate as instructed by the probation officer in a program of substance abuse treatment.

**EVIDENCE:**

***Regarding urinalysis results***

In support of the allegation regarding the defendant's drug use the government initially sought to introduce, through the testimony of USPO Nancy Chaparro, copies of two Drug Test Reports from Kroll Laboratory. Relying on 18 U.S.C. §3583(d) and *United States v. Martin,* 984 F.2d 308 (9th Cir. 1993), the defendant objected on the grounds that Chaparro could offer no evidence to demonstrate or establish the reliability of those test results, e.g., she had no personal knowledge regarding the collection and shipping procedures of the urine samples in question, nor did she have personal knowledge regarding the lab's chain of custody or testing procedures. The defendant submitted urine samples at SEABHS an outpatient substance abuse treatment center in Douglas, AZ, which contracts to provide various services to individuals being supervised by the federal probation office. The defendant also objected to testimony from Chaparro regarding any admissions he may have made to her regarding his drug use; defense argued that because these admissions were not included in the petition they were beyond the scope of the petition and there was no prior notice to the defendant of the government's intent to use them.

On December 11, 2007, the government called Robert Lopez as a witness. Lopez is employed as a recovery support specialist for SEABHS and one of his duties is to assist in the collection of urine samples. Lopez testified that on March 29th and July 31st of 2007 he collected urine samples from the defendant which preliminarily tested positive for cocaine and marijuana, respectively. Those samples were then sent to a lab for retesting. On cross-

1   examination Lopez testified he has received no specialized training in what a positive urine

2   test means; he also admitted he has no knowledge of the procedures used by a "confirmation

3   lab" after a urine sample is sent from SEABHS.

4

5   ***Regarding special assessment payment***

6      Chaparro testified that as of the date she signed the violation petition the

7   defendant had paid only $25 toward satisfaction of the $100 special assessment imposed at

8   sentencing.  To support this testimony she presented Exhibit 6 which she identified as a

9   printout from the clerk of the court reflecting the status of the defendant's account.  Chaparro

10   testified  she never set up a written payment schedule with the defendant and never told him

11   how often and how much he was to pay toward the special assessment. Pursuant to this

12   court's question Chaparro testified that absent the other two allegations in the petition, she

13   would not have filed the current violation petition against the defendant, but would have

14   merely "reminded" him that he had only three more months to pay the assessment before his

15   supervision expired.

16      On cross-examination Chaparro admitted the defendant had advised her he

17   believed the Bureau of Prisons had taken a total of $75 from his prison account while he was

18   incarcerated. She testified she made no efforts to contact the Bureau of Prisons to determine

19   if any money was taken from the defendant's prison account to satisfy the special assessment

20   imposed by the court.

21      It should be noted that the Judgment (Exhibit 1) in this case indicates: "If

22   incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate

23   of not less than $25 per quarter....Criminal monetary payments shall be made to the Clerk of

24   the U.S. District Court [in Phoenix AZ]."  Furthermore, oddly enough Exhibit 6, which

25   purports to be an accurate accounting document, does not indicate when the $25.00 payment

26   was credited to the defendant's account.

27

28

1

2    ### *Refardding participation in substance abuse treatment*

3            Chaparro testified that after the defendant completed his substance abuse intake

4    at SEABHS in July, 2007,  she then ordered him to attend three intensive outpatient

5    counseling (IOP) sessions per week and two living skills sessions weekly.  She later learned

6    he was not attending these sessions as ordered.

7            Lopez testified that between July, 2007, and the end of September, 2007, the

8    defendant attended no IOP sessions and only one living skills session. Lopez advised the IOP

9    sessions were held on Mondays, Wednesdays, and Thursdays at SEAHBS from 2 p.m. until

10   5 p.m.. The defendant advised him (Lopez) he was employed at a cannery and often had to

11   work past 5 p.m. On July 31st Lopez offered the defendant the option of attending aftercare

12   group counseling sessions which would be begin that evening. Lopez testified these aftercare

13   sessions were being offered because a lot of SEABHS's  employed clients could not attend

14   sessions during the day. Reviewing the defendant's file during his testimony, Lopez testified

15   the defendant attended two aftercare group sessions, on August 28th and September 4th.

16   Lopez testified that on September 26, 2007, he prepared a letter to Chaparro–pursuant to

17   Chaparro's request--listing the dates the defendant had attended the above described

18   counseling sessions.  *See* Exhibit 5.  Lopez admitted that he failed to list the September 4th

19   attendance in this letter. On December 11, 2007, Chaparro testified she would have accepted

20   the defendant's attendance at aftercare sessions in lieu of his attendance at IOP sessions. She

21   stated she mainly wanted the defendant to demonstrate some consistency in attending the

22   substance abuse treatment she had ordered.

23           On cross-examination Lopez stated that Chaparro's telephone call to him in late

24   September requesting the letter (Exhibit 5) was the first contact he had with her or anyone

25   from the probation office regarding the defendant.

26           The defendant presented several witnesses apparently in an effort to demonstrate

27

28

his noncompliance was not intentional. Jesus Cano, the SEABHS counselor assigned to the defendant, testified that as of September 2007 he considered the defendant "noncompliant" because of his failure to attend the substance abuse treatment sessions; he also testified that in making that judgment he did not consider whether the defendant's work schedule may have caused this nonattendance.  He added that he had no proof of the defendant's employment or of his work schedule. Nancy Webster, also a SEABHS employee, testified she assisted the defendant in completing an application for state health insurance (AHCCS) so that he would be covered for the services provided by SEABHS and he was not approved until June 2007.  Anita Noriega, another SEABHS employee, testified regarding the various contact persons listed by the defendant during the intake process.  Charles Gallegos, an investigator for the Federal Defenders Office, testified that he confirmed the defendant was employed at a retail store during July and August 2007–he worked 37 hours during the week of July 16th, about 24 hours the week of July 24th, 14 hours the week of August 9th, and about 9 hours the week of August 13th.  He also verified the defendant worked at the Fiesta Cannery in McNeal, AZ, during August and September 2007. *See* Exhibit D-5 for the weekly hours the defendant worked during that period. Gallegos also testified he interviewed the defendant's mother who advised the defendant was living with his girlfriend–not his mother–during the relevant period, and that while she may have received telephone calls from SEABHS she (defendant's mother) probably did not pass the messages on to the defendant because she is "forgetful."

**DISCUSSION:**

On December 17, 2007, this court granted the defense motion to dismiss allegations A and B, and denied defense motion to dismiss allegation C.  It should be noted that this court's "dismissal" of allegations A and B is certainly not binding upon the District Court.  The District Court's referral of this matter to the magistrate was merely for the purposes of either taking an admission of culpability by the defendant or taking evidence

1    presented by the parties; both of those are understood to be subject to appeal by the parties
2    and to review and acceptance by the District Court.

3            The preliminary drug test results from the urine samples taken at SEABHS
4    required confirmation pursuant to 18 U.S.C. §3583(d).   However, this court ruled the
5    "confirming" drug test results were not admissible because there was no admissible or
6    sufficient evidence to satisfy reliability concerns for the purposes of providing adequate due
7    process confrontation protections to the defendant. *U.S. v. Martin,* 984 F.2d 308, 312 (9th Cir.
8    1993).   As to allegation B the defendant's term of supervision still had several months to
9    run–apparently it was due to expire on December 5, 2007. Although the Judgment indicated,
10   in relatively fine print, that any fines were to be paid within 90 days of the expiration of
11   supervision there was no evidence presented that the defendant was ever advised of that "due
12   date." In Exhibit 2 the defendant acknowledged in item 19 that he understood he was to pay
13   all monetary penalties imposed by the court. However, item 19 set forth neither the amount
14   then due,  nor any schedule or deadline for making payments.   Chaparro admitted she
15   imposed no payment schedule for the defendant.  Furthermore, even though the defendant
16   advised Chaparro he believed the Bureau of Prisons had taken $75 during his period of
17   incarceration, there was no evidence  she told him this was not true, nor was there evidence
18   the defendant advised her he did not intend to pay the $75 before the expiration of his
19   supervision. Therefore, this court believes the government failed to prove the violation by
20   a preponderance of the evidence.

21           Regarding allegation C the defendant argues he may not be held culpable for
22   his failure to attend the treatment/counseling sessions because his conduct was not
23   intentional:   his work schedule prevented his attendance. He argues the conditions of his
24   supervised release placed conflicting duties upon him; he was required to maintain
25   employment and to meet his financial obligations and he could not satisfy these conditions
26   and also regularly attend treatment/counseling sessions. He complains that Chaparro did not
27   assist him in "striking a balance" between these conflicting responsibilities.   He also
28

complains that no one expressly advised him that his failure to attend the sessions would be considered a violation of his release conditions. This court is not persuaded by these arguments. Exhibit 2 which lists the conditions and was reviewed by Chaparro with the defendant states that upon a finding of a violation the court could either revoke or extend the period of supervision. When offered the opportunity to attend the aftercare sessions (which met in the evenings) in lieu of the IOP sessions, the defendant attended aftercare only twice. Most importantly, there was no evidence the defendant ever directly advised or attempted to advise Chaparro of his "dilemma" and/or sought her guidance in resolving his "problem." This court believes that as a adult supervisee the defendant himself was responsible for at least presenting the issue to Chaparro. Thus, Chaparro had no opportunity to advise the defendant that she was mainly interested in "consistency" and "striking a balance" because he never addressed the issues with her.

**RECOMMENDATION:**

In view of the foregoing, the magistrate recommends that the District Court, after its independent review of the record, find the defendant violated the conditions of his supervised release only as to allegation C. Any party may file and serve objections within 10 days after being served with a copy of this Report and Recommendation. If objections arenot timely filed, the party's right to de novo review may be waived. If objections are filed, the parties should direct them to the District Court **by omitting the magistrate's initials from the caption.**

This Report and Recommendation is being faxed to all counsel on today's date. The Clerk of the Court is directed to send a copy of this Report and Recommendation to all counsel.

DATED this 31st day of March, 2008.

Glenda E. Edmonds
United States Magistrate Judge

- 7 -